IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JACK C. STONE,                          )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )        Case Number CIV-06-1024-C
                                        )
UNITED STATES OF AMERICA,               )
                                        )
                    Defendant.          )

**MEMORANDUM OPINION
AND ORDER OF DISMISSAL**

Plaintiff filed the present action seeking compensation under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. ("FTCA"), for personal injuries.  Defendant filed the present motion, pursuant to Fed. R. Civ. P. 12(b)(1), arguing the Court is without jurisdiction to consider Plaintiff's claims as they were prematurely filed.  According to Defendant, Plaintiff filed his state court Petition, which was later removed, on January 12, 2006, and his Standard Form ("SF") 95 claim for Damage, Injury or Death was not filed until January 13, 2006.  Defendant argues that because exhaustion of administrative remedies is a jurisdictional prerequisite to filing a court action, Plaintiff's action must be dismissed as premature.

Although the time to respond has passed, Plaintiff has neither filed a response nor sought additional time to respond.  Accordingly, the assertions in Defendant's motion will be accepted as true.  See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) (recognizing that summary judgment could not be granted solely on absence of response, but that properly supported allegations raised in motion could be accepted as true).

The proper timing of the filing of Plaintiff's action is governed by 28 U.S.C. § 2675(a), which states in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.*

(emphasis added).  Here, the attachments to Defendant's motion[*] clearly establish that Plaintiff's claim was not denied until August 23, 2006, more than sevem months after Plaintiff filed his court case.  (See Dkt. No. 6, Exh. 2).  Thus, Plaintiff failed to comply with the statutory requirements and his claim must be dismissed.  See McNeill v. United States, 508 U.S. 106 (1993), upholding dismissal of FTCA action where it was filed prior to final agency denial).  Further, Plaintiff cannot cure the defect merely by filing an Amended Complaint.  See Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999) ("We agree with the Sparrow court's conclusion that, as a general rule, a premature 'complaint cannot be cured through amendment, but instead, plaintiff must file a new suit.'") (quoting Sparrow v. USPS, 825 F.Supp. 252, 254-55 (E.D. Cal. 1993)).

---

[*] Because Defendant's motion is brought pursuant to Fed. R. Civ. P. 12(b)(1), the Court may consider matters outside the pleadings.  See Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

Accordingly, as Plaintiff's case was filed prematurely, the Court lacks jurisdiction to consider it.   Therefore, Defendant United States' Motion to Dismiss (Dkt. No. 6) is GRANTED and this matter is DISMISSED without prejudice.

IT IS SO ORDERED this 18th day of October, 2006.

ROBIN J. CAUTHRON
United States District Judge